## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Smart & Company, Inc.,                                        Civil No. 08-5079 (DWF/RLE)

      Plaintiff,

v.                                                            **MEMORANDUM
                                                              OPINION AND ORDER**

Food Systems Global Company Limited,

      Defendant.

_____

Sidney J. Spaeth, Esq., Michael T. Andrews, Esq., and Michael S. Raum, Esq., Vogel Law Firm, counsel for Plaintiff.

Joseph A. Wetch, Jr., Esq., and Berly D. Nelson, Esq., Serkland Law Firm, counsel for Defendant.

_____

This matter is before the Court on a motion brought by Plaintiff Smart & Company, Inc. ("Smart") to amend a temporary restraining order ("TRO") issued by this Court. The TRO required Smart to post bond in the amount of $500,000. Smart contends that it is unable to obtain such a bond and that a bond in that amount is not necessary to protect the interests of Defendant Food Systems Global Company Limited ("FSG"). Smart notes that it paid $25,000 into state court in connection with a state court-issued temporary restraining order it obtained before the matter was removed to this Court. Smart requests that the TRO be amended to reduce the amount of the bond and argues that $25,000 is sufficient to protect FSG.

FSG opposes Smart's request, contending that the record supports imposing a $500,000 bond and arguing that a bond in that amount is necessary.  Smart, on the other hand, argues that the risks identified by FSG are not tangible and do not even relate to FSG, but instead would be risks felt by Rademaker B.V. ("Rademaker"), the European maker of the component part at issue.

The Court has considered the parties' briefs, which essentially amount to supplemental statements of the facts.  Unfortunately, such briefing may have been necessary because the parties largely failed to address the issue of the necessity, or the appropriate amount, for a bond when they previously appeared before the Court.  Indeed, though FSG bases its argument on the factual support it sees in the record, any such facts are lately produced; the parties produced little or no evidence upon which this Court could rely in making its initial decision regarding a bond.

Nonetheless, this Court has a more accurate view of the picture at this stage and concludes that it is appropriate to reduce the amount Smart must secure to protect FSG. The Court amends the TRO to require that Smart pay $25,000 into the Clerk of Court for the United States District Court for the District of Minnesota to be deposited into the Treasury Registry account and held there until further order of this Court.

Now therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend the Temporary Restraining Order (Doc. No. 28) is **GRANTED**.

2. The Temporary Restraining Order (Doc. No. 26) is **AMENDED** to read as follows:

    a.    The Plaintiff's request for a temporary restraining order is granted because the Plaintiff has demonstrated: (1) a likelihood of success on the merits with respect to the component of the System it purchased under the Sales Agreement that is being manufactured by Rademaker B.V. of the Netherlands; (2) that it will suffer irreparable harm absent a restraining order; (3) that the balance of harms weighs in its favor; and (4) that the public interest favors its application for injunctive relief.

    b.    The Court awards Plaintiff a Temporary Restraining Order as follows:

        i.    Both parties shall serve a copy of this Order upon Rademaker B.V., with notice provided to the other party when this has been accomplished.

        ii.    Within forty-eight (48) hours after the entry of this order, Defendant shall request from Rademaker an estimate of the time necessary to complete the component of the System Rademaker is manufacturing. Within twenty-four (24) hours of receiving this estimated completion date from Rademaker, Defendant shall communicate the estimated completion date to Plaintiff, by correspondence in writing by Defendant's counsel to Plaintiff's counsel.

        iii.    Defendant shall use its best efforts, in good faith, to obtain from Rademaker, pursuant to the contract

between Rademaker and Defendant, the component of the System Rademaker is manufacturing and Defendant shall perform any necessary modifications to this component so that it meets the design specifications of the System without undue delay. Defendant shall not engage in any activity designed to discourage Rademaker from performing the contract, completing the manufacture of the part, or performing any testing necessary before the part may be shipped.

    iv.    Plaintiff shall make payment of any amounts that remain due for this part to Rademaker if Rademaker ships the part to Plaintiff, and any other amounts that would be due to Defendant related to this part shall be paid to Defendant. If Defendant obtains the part and ships it to Plaintiff, Plaintiff shall make any remaining payments to Defendant and Defendant shall forward amounts owing to Rademaker directly to Rademaker.

    v.    This temporary restraining order shall expire sixty (60) days from the date of entry of the Court's previous temporary restraining order issued September 26, 2008.

    vi.    The Plaintiff shall, no later than 5 business days after entry of this amended order, pay $25,000 into the Clerk

of Court for the United States District Court for the District of Minnesota to be deposited into the Treasury Registry account and held there until further order of this Court. The Court's requirement that this payment be made shall not delay any other relief awarded by this order.

3. Plaintiff's request for a preliminary injunction is **DENIED**.

Dated: October 14, 2008	s/Donovan W. Frank
	DONOVAN W. FRANK
	Judge of United States District Court